# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| PANGJUN WU,<br>*Petitioner,*<br><br>v.<br><br>CARLOS D. CISNEROS, Assistant Field Office Director, Harlingen Field Office, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, the Department of Homeland Security,<br>*Respondent.* | Civil Case 1:25 - cv - 31 |

## PETITION FOR WRIT OF HABEAS CORPUS

Petitioner PANGJUN WU ("Mr. Wu"), through counsel, files this Petition for a Writ of Habeas seeking relief to remedy his continuing custody in violation of the Constitution and laws of the United States. 28 U.S.C. §2241(c)(3).

### I. JURISDICTION

(1) This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et. seq.*, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L.

No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. § 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

## II.   VENUE

(2)   Venue lies in the United States District Court for the Southern District of Texas, the judicial district in which Respondent Carlos D. Cisneros resides, and where the Petitioner is detained. 28 U.S.C. § 1391(c); 28 U.S.C. § 2241(a).

## III.   PARTIES

(3) Petitioner, PANGJUN WU, is a citizen and national of the People's Republic of China. He is currently in the United States with a pending asylum application, as well as a certified U Visa Petition. He has valid employment authorization, and is a student in the MSL Program of Northwestern University. He was granted a bond pursuant to 8 USC §1226(c)(2); 8 C.F.R. §§ 1003.19(c)-(f) on February 11, 2025, with both parties waiving appeal, and Respondent has refused to accept bond payment offered, and refused to release him.

(4)   Respondent, CARLOS D. CISNEROS, is Assistant Field Officer Director,

Harlingen Field Office, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, Department of Homeland Security, serving as Warden of the Port Isabel Detention Center which has control over detainees held at El Valle Detention Center in Raymondville, Texas. He is Petitioner's immediate custodian and resides in the judicial district of the United States Court for the Southern District of Texas, Brownsville Division.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

(5)   With his motion for a bond hearing, and the grant of same, Mr. Wu has exhausted his administrative remedies to the extent possible and required by law.

(6)   Mr. Wu has fully cooperated with Respondent, above and beyond that required by law.

## V.   STATEMENT OF FACTS

(7)   Mr. Wu is a native and citizen of the Republic of China. He was admitted to the United States at Detroit on July 17, 2022, on an F-1 visa, issued "for the duration of status," to study in a law program at Georgetown University. Mr. Wu duly entered Georgetown University as planned and embarked on his studies.

(8)   On July 28, 2022, Mr. Wu submitted an affirmative asylum application to USCIS, Arlington Field Office. This application is pending, following an interview on November 26, 2024.

(9) At the end of Mr. Wu's first term at Georgetown, an incident occurred, which several months later led to his being wrongfully accused and subsequently charged with 23 DC Code § 1321(c)(1)(B)(iv), Second Degree Child Sexual Abuse in April 2023, and released on his own recognizance. On December 20, 2023, the charge was dismissed nolle prosequi on motion from the prosecutors.

(10) As a result of the charge, Mr. Wu's F-1 visa was revoked.[1]

(11) Nonetheless, Mr. Wu had the pending asylum application, which permitted him to be in the United States without accruing unlawful presence, as well as a valid work authorization based on that pending application.

(12) In October 2023, Mr. Wu went to New York City and interned at a law firm. In the course of that work, he reassessed his career goals, did some research and concluded that Northwestern University in Chicago offered a program more directed to his future goals. He applied for the program and was accepted, once the university determined that he had a valid work authorization, and a pending asylum application.[2] He withdrew from Georgetown University, and moved to Chicago, working for several months for another law firm before beginning the MSL program at Northwestern University.

---

[1] This is generally the result of any charge made against an F-1 visa holder.

[2] In fact, Mr. Wu still has a valid work authorization, having filed to renew timely.

(13) The term at Northwestern University ended at the end of December 2024. Mr. Wu made plans to visit a friend from university in Houston, and decided to go and see SpaceX along the way. On December 22, 2024, he arrived in Brownsville, Texas, and as planned rented a vehicle and drove out to the observation site for SpaceX at Boca Chica. He took some pictures, standing with other tourists and locals doing the same thing, wandered around being careful to stay clear of any forbidden areas and the border, then started back to Brownsville to catch a flight to Houston.

(14) Mr. Wu was stopped at the Boca Chica check point, taken into secondary. Thus his saga began. He was held for over two weeks without being allowed a telephone call, ferried around, and ultimately detained at El Valle (under control of Port Isabel Detention Center). A notice to appear was never properly served on him; a flawed one was only issued when counsel communicated with CBP and ICE, asking the latter why Mr. Wu was being detained, since he had broken no laws and was here lawfully.

(15) Recognizing the necessity of exhausting administrative paths for obtaining Mr. Wu's release, counsel filed a motion for a bond hearing with the immigration court. At that hearing, the immigration judge noted that he could see no reason why Mr. Wu was being held. The assistant chief counsel could come up with no plausible reason.

(16) On February 11, 2025, the immigration judge granted a bond to Mr. Wu in the

amount of $7,500. Both parties waived appeal. *Ex. A*. On February 13, 2024, in the late afternoon, counsel received a cashier's check for $7,500, made out to The Department of Homeland Security, from Mr. Wu's family.

(17)    The following day, February 14, 2025, counsel went over first thing in the morning to pay the bond. Counsel was informed that now all bonds had to be paid through ICE CeBonds, on-line. Counsel returned to the office, set up an account with ICE CeBonds, only to be informed that "there are no matching or no releasable noncitizens for this bond payment request... The current status of this bond request does not allow for new comments." *Ex. B*. This did not change on Friday or over the weekend... and today, response was received that there were problems on the ICE server.

(18)    Mr. Wu has now been held for almost two months (58 days) without a valid Notice to Appear. He was granted a bond in accord with 8 USC §1226(c)(2); 8 C.F.R. §§ 1003.19(c)-(f), six days ago (and counting), and both parties waived appeal.

(19)    There is no stay available "pending appeal by the government" nor any automatic stays. 8 C.F.R. §§ 1003.19 (i)(1) or (2).

(20)    Mr. Wu has proffered the bond required, *via* a cashier's check made out to the Department of Homeland Security, and *via* the ICE CeBond website. The first was refused; the subsequent attempts by website have also been refused, or made

impossible owing to server problems.

(21) Mr. Wu is being held in violation of the Constitution and the laws and regulations of the United States. His continued detention is not legally justifiable and is capricious and arbitrary.

## VI. CLAIMS FOR RELIEF

### Count One: Constitutional Claim

(22) Petitioner alleges and incorporates by references paragraphs 1 through 21 above.

(23) Petitioner's continued detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment of the United States.

### Count Two: Statutory Claim

(24) Petitioner alleges and incorporates by reference paragraphs 1 through 23 above.

(25) Petitioner's continued deetention violates the Immigration Nationality Act and implementing regulations, and the United States Constitution.

### Count Three

(26) If he prevails, Petitioner requests attorney's fees and consts under the Equal Access o Justices Act ("EAJA"), as amended. 28 U.S.C. § 2412.

### PRAYER FOR RELIEF

WHEREFORE, Petitioner Pangjun Wu prays that this Honorable Court grant the

following relief:

1. Assume jurisdiction over this mattere;

2. Issue an order directing Respondent to show cause why the writ should not be granted;

3. Issue a writ of habeas corpus ordering Respondent to accept the bond payment ordered by the immigration judge and to release Respondent forthwith;

4. Award Petitioner reasonable costs and attorney's fees; and,

5. Grant any other relief this Court deems just and proper.

Respectfully submitted,

*Cathy J. Potter*
Cathy J. Potter
Law Office of Cathy J Potter PLLC
409 East Jackson
Harlingen, Texas 78550
Pennsylvania Bar 210071
Federal I.D. 1060322
(956) 622-3011 Telephone
(956) 622-3017 Fax
cpotter@cathypotterlaw.com

## VERIFICATION OF COUNSEL

I, Cathy J. Potter, hereby certify that I am familiar with the case of the names petitioner and that the facts as stated above are true and correct to the best of my knowledge and belief.

*[signature]*
Cathy J. Potter

## EXHIBITS

| | | |
|---|---|---|
| A | **Order of the Immigration Judge** | 10 - 12 |
| B | **ICE CeBond response to attempt to pay bond** | 13 - 14 |

# Exhibit A



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**PORT ISABEL IMMIGRATION COURT**

Respondent Name:
WU, PANGJUN

To:
Potter, Cathy Jean
409 East Jackson Avenue
Harlingen, TX 78550

A-Number:
231834885
Riders:
In Custody Redetermination Proceedings

Date:
02/11/2025

# ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☐ Denied, because

☑ Granted. It is ordered that Respondent be:
  ☐ released from custody on his own recognizance.
  ☑ released from custody under bond of $ 7,500.00
  ☐ other:

☐ Other:

*[signature]*

Immigration Judge: PIMENTEL, FRANK 02/11/2025

| Appeal: | | | | |
|---|---|---|---|---|
| | Department of Homeland Security: | ☑ waived | ☐ reserved |
| | Respondent: | ☑ waived | ☐ reserved |

Appeal Due:

## Certificate of Service

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Noncitizen | [ P ] Noncitizen c/o custodial officer | [ E ] Noncitizen's atty/rep. | [ E ] DHS
Respondent Name : WU, PANGJUN | A-Number : 231834885
Riders:
Date: 02/11/2025 By: ARROYO CRUZ, CHELSEA, Court Staff

# Exhibit B

 ICE CeBONDS

## Bond Payment Request

Review your progress and comments below. Current Status: *No Matching Noncitizens*

### Your Progress

 You created this bond payment request. (2/14/2025)

**Your Current Status**

 There are no matching or no releasable noncitizens for this bond payment request. If you need further assistance with your bond payment request, please contact your **local field office.** (Status Date: 2/14/2025)

### Comments

Send comments to ICE regarding this bond payment request

New comments cannot be added at this time. The current status of this bond payment request does not allow for new comments.

**NonCitizen:** Wu, Pangjun
**A-Number:** 231834885
Withdrawal window is closed.

### ICE Forms

I-352A IRS Withholding Notice
I-333 Obligor Change of Address

[ Home ]